

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00275-CR

**RICHARD DON MOORE,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-1190-C2

## ORDER

Appellant Richard Moore's appointed appellate attorney filed "Court-Appointed Counsel's Motion to Withdraw or (Alternatively) Appellant's Motion to Withdraw Waiver of Appeal." In our February 7, 2013 order, we dismissed counsel's motion to withdraw. Regarding the issue of withdrawal of Moore's waiver of appeal, Moore's motion requested that this appeal be abated and that the case be remanded to the trial court "with a directive" that Moore "be given an opportunity, in open court, to decide whether he still wishes to waive appeal."

We do not have authority to allow Moore to withdraw his waiver of appeal, to grant Moore permission to appeal, or to enter or amend a certification of Moore's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The trial court has that authority. *See id.* We therefore abated the appeal and remanded this case to the trial court for a hearing pertaining to Moore's waiver of his right of appeal. The hearing occurred, and we have received supplemental clerk's and reporter's records.

At the hearing, Moore's attorney indicated that Moore no longer wished to waive his right of appeal and as a basis argued that the bill of costs had not been prepared at the time of the judgment and waiver and Moore, who was indigent and had a court-appointed trial attorney, was not aware that attorney's fees would be assessed as court costs. The trial court thereafter entered a judgment nunc pro tunc correcting the judgment by removing the attorney's fees from the court costs.

Moore did not file a motion to withdraw his waiver in the trial court, nor did the trial court allow Moore to withdraw his waiver. Moore did informally suggest the entry of an amended certification giving Moore permission to appeal, but the trial court did not enter a new or amended certification, incorrectly believing that we would decide any issues on Moore's waiver of appeal.

We will abate this appeal again and remand the case to the trial court with instructions for the trial court to hold any necessary hearings and to rule on any request by Moore to withdraw his waiver of appeal or to grant him permission to appeal.

The trial court shall conduct the hearing within twenty-eight (28) days after the date of this order. The trial court clerk and court reporter shall file supplemental

records within forty-two (42) days after the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motion to abate granted
Order issued and filed May 2, 2013
Do not publish